UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMOR DEJEAN BASS,

    Petitioner,

v.

RANDEE REWARTS,

    Respondent.
_____/

Civil No. 2:18-CV-13149
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER SUMMARILY DISMISSING THE
PETITION FOR WRIT OF HABEAS CORPUS, DENYING THE
MOTION FOR EQUITABLE TOLLING AND FOR AN EVIDENTIARY
HEARING, AND DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY OR LEAVE APPEAL *IN FORMA PAUPERIS***

Amor Dejean Bass, ("Petitioner"), confined at the Carson City Correctional Facility in Carson City, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree murder, assault with intent to rob while armed, and felony-firearm. Petitioner has also filed a motion for equitable tolling and for an evidentiary hearing. The Court summarily dismisses the petition for writ of habeas corpus, because it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1) and the late petition cannot be saved by the doctrine of equitable tolling.

- 1 -

## I. Background

Petitioner pleaded guilty to the above charges in the Genesee County Circuit Court and was sentenced to life imprisonment on the first-degree murder conviction, ten to twenty years on the assault with intent to rob while armed conviction, and received a two year sentence on the felony-firearm conviction.

The Michigan Court of Appeals affirmed petitioner's conviction on direct appeal. *People v. Bass,* No. 167881 (Mich.Ct.App. Apr. 10, 1995). Petitioner indicates that the Michigan Supreme Court rejected his application for leave to appeal as being untimely. See ECF 1, Pg ID 3.[1]

On April 1, 2002, petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. Seq.,* which was denied. *People v. Bass,* No. 92-46451 (Genesee Cty.Cir.Ct., June 28, 2002). The Michigan appellate courts denied petitioner leave to appeal. *People v. Bass,* No. 249931 (Mich.Ct.App. Sept. 24, 2003); *lv. den.* 470 Mich. 857, 679 N.W. 2d 697 (2004).

Petitioner filed a successive motion for relief from judgment on November 2, 2005, which was rejected for filing on December 19, 2005,

---

[1] Although petitioner claims that he attached as Appendix C a copy of the notification that he received from the Michigan Supreme Court rejecting his application as untimely, petitioner failed to actually attach a copy of the order to his petition.

pursuant to M.C.R. 6.502(G), which prohibits the filing of successive motions for relief from judgment unless the claim is based on newly discovered evidence or a retroactive change in the law. Petitioner then filed a third motion for relief from judgment on September 17, 2008, which was likewise rejected on September 22, 2008 pursuant to M.C.R. 6.502. Petitioner filed a "Motion for Summary Disposition" on October 3, 2013, which was rejected pursuant to M.C.R. 6.502 on November 12, 2013. Petitioner finally filed a fourth motion for relief from judgment on July 21, 2016, which was likewise rejected under M.C.R. 6.502(G) because petitioner's claims were not based on newly discovered evidence or a retroactive change in the law. The only post-conviction order from the trial court that petitioner provided to this Court was from the order rejecting the last motion but the order references petitioner's prior successive post-conviction motions. *People v. Bass,* No. 92-46451 (Genesee Cty.Cir.Ct., Aug. 3, 2016); *reconsideration den.* August 31, 2016. See ECF 1, 31-33.

Petitioner appealed the denial of his fourth motion for relief from judgment, which was denied pursuant to M.C.R. 6.502(G). *People v. Bass,* No. 335186 (Mich.Ct.App. Feb. 23, 2017); *lv. den.* 501 Mich. 925, 903 N.W.2d 595 (2017).

Petitioner filed his petition on October 2, 2018.[2]  Petitioner also filed a motion for equitable tolling and for an evidentiary hearing.

## II.  Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts "provides that district courts 'must promptly examine' state prisoner habeas petitions and must dismiss the petition '[i]f it plainly appears ... that the petitioner is not entitled to relief.'" *Day v. McDonough*, 547 U.S. 198, 207 (2006).  This Court must determine whether the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), see 28 U.S.C. § 2244(d)(1), bars substantive review of the petitioner's claims.  This Court is "permitted ... to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. at 209.  Before acting on its own initiative to dismiss a state prisoner's habeas petition as untimely, a federal district court must give the parties fair notice and an opportunity to present their positions regarding the timeliness issue. *Id.,* at 210.  The petitioner acknowledged the statute of limitations issue in his habeas corpus petition, admitting that the petition was untimely, but arguing that he was entitled to equitable tolling of the statute of

---

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on October 2, 2018, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

limitations. The petitioner has thus been given an opportunity to address the limitations issue. *See Stewart v. Harry*, No. 17-1494, 2017 WL 9249946, at * 1 (6th Cir. Nov. 21, 2017).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996, and it governs the filing date for the habeas application in this case because the petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F. 3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F. 3d 691, 694-95 (6th Cir. 2000), *overruled on other grounds, Abela v. Martin*, 348 F. 3d 164, 172-73 (6th Cir. 2003)(dismissing a habeas case filed thirteen days after the limitations period expired as untimely); *Neal v. Bock*, 137 F. Supp. 2d 879, 885 (E.D. Mich. 2001)(dismissing a habeas petition filed over one month after the limitations period had expired as untimely).

The Michigan Court of Appeals affirmed petitioner's conviction on April 10, 1995. Petitioner's application for leave to appeal was rejected as untimely by the Michigan Supreme Court.

If a habeas petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his or her judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. The one-year statute of limitations does not begin to run until the day after the petition for a writ of

certiorari was due in the United States Supreme Court. See *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

However, when, as in this case, a habeas petitioner only appeals his or her judgment of conviction to the Michigan Court of Appeals and fails to properly or timely file an application for leave to appeal to the Michigan Supreme Court, the additional ninety days for filing an appeal to the United States Supreme Court is not taken into account. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)(clarifying that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]").

Under M.C.R. 7.302, which was in effect at the time of petitioner's direct appeal, petitioner had fifty-six days to file an appeal in the Michigan Supreme Court, the highest court in the State. [3] The expiration of the fifty-six days represents the expiration of the time for seeking direct review of petitioner's judgment of conviction, therefore, the one-year statute of limitations began to run at that time. *Gonzalez*, 565 U.S. at 150.

Because petitioner did not file a timely application for leave to appeal to the Michigan Supreme Court, his conviction became final, for purposes of

---

[3] The time limit for filing an application for leave to appeal is now codified at M.C.R. 7.305(C)(2)(a).

§ 2244(d)(1)(A), on June 6, 1995, when the time for seeking leave to appeal with the Michigan Supreme Court expired. See *Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). The petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, thus, the petitioner had a one year grace period from this date to timely file a petition for habeas relief with the federal court. *See Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition to be timely filed. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).

Petitioner filed his first post-conviction motion on April 1, 2002, long after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002). Petitioner's subsequent post-conviction motions, which were also filed in the state court after the expiration of limitations period, likewise did

not toll the limitations period. *See Parker v. Renico,* 105 F. App'x. 16, 18 (6th Cir. 2004).

Petitioner's subsequent motions for relief from judgment would not toll the limitations period for a second reason. The Sixth Circuit has ruled that a habeas petitioner's second or successive motion for relief from judgment that is rejected by the state courts pursuant to M.C.R. 6.502(G), as petitioner's subsequent post-conviction motions were, does not qualify as properly filed application for post-conviction relief that tolls the limitations period pursuant to 28 U.S.C. § 2244(d)(2). *See Williams v. Birkett,* 670 F. 3d 729, 733 (6th Cir. 2012). The current petition is untimely.

Petitioner acknowledges in his petition that his application is untimely but argues that the petition should be equitably tolled based on his mental disability.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly

by federal courts." See *Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id.*

Petitioner in his motion for equitable tolling argues that he has newly discovered evidence of a psychological evaluation report conducted on petitioner by L. Roy Briggs, a school psychologist for the Flint Community Schools in 1975, when petitioner was five years old and in kindergarten, which found that petitioner suffers from "impulsive behavior," "distractability," "literality confusion," "lack of enthusiasm", "weak attention span," and lack of self-control. See Petitioner's Appendix K, attached to the petition for writ of habeas corpus. ECF 1, Pg ID 45-46. Petitioner has no additional mental health reports indicating any mental disabilities as an adult. Petitioner does have an affidavit from fellow prisoner Tajuan Williams, dated July 13, 2016. Mr. Williams indicates in his affidavit that while discussing petitioner's case, Mr. Williams had concerns that petitioner might be suffering from mental disabilities. Mr. Williams indicated that he wrote the Flint Community Schools on behalf of petitioner to obtain Dr. Briggs' report. See ECF 1, Pg ID 40-42. Petitioner argues that he still suffers from these mental disabilities mentioned in Dr. Briggs' 1975 report and that they prevent him from timely filing his habeas petition.

A habeas petitioner's mental incompetence or incapacity may provide a basis for equitable tolling of the AEDPA's statute of limitations. *See Ata v. Scutt*, 662 F. 3d 736, 742 (6th Cir. 2011). In order to obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a habeas petitioner must show that (1) he or she is mentally incompetent, and (2) his or her mental incompetence caused his or her failure to comply with the AEDPA's statute of limitations. *Id.* Significantly, "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id.* (internal citation omitted). In order for a habeas petitioner's mental incapacity to warrant equitable tolling of the AEDPA's statute of limitations, "the petitioner must demonstrate that the incompetence affected his or her ability to file a timely habeas petition." *Robertson v. Simpson,* 624 F. 3d at 785. Moreover, "[m]ental incompetence is not a *per se* reason to toll a statute of limitations." *McSwain v. Davis*, 287 F. App'x. 450, 456 (6th Cir. 2008); *See also Brown v. McKee,* 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002). "In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected her ability to file a timely habeas petition." *McSwain,* 287 F. App'x. at 456, *See also Nowak v. Yukins*, 46 F. App'x. 257, 259 (6th

Cir. 2002). A habeas petitioner must allege more than the "mere existence of physical or mental ailments" in order to qualify for the equitable tolling of the AEDPA's statute of limitations. *Brown v. McKee,* 232 F. Supp. 2d at 767.

Petitioner is not entitled to equitable tolling of the limitations period based on his alleged mental incompetency because he has presented no evidence of his mental health during the limitations period. See *Watkins v. Deangelo-Kipp,* 854 F.3d 846, 851 (6th Cir. 2017). Although petitioner has provided some evidence of mental illness, this was when he was five years old. Moreover, although Dr. Briggs' report mentioned that petitioner had impulse control issues, the report also indicated that "Test results revealed that A'mor has average intelligence and sufficient readiness skills to predict kindergarten success." The report also indicated that petitioner had an IQ of 100. A psychological evaluation conducted on petitioner over forty three years ago when he was five years old is insufficient to establish that petitioner was mentally incompetent at the time of his guilty plea in 1992, or more importantly, when he was pursuing his direct appeals and post-conviction relief in the time period between 1995 and now. *See United States v. Gooch,* 595 F. App'x. 524, 528, n. 2 (6th Cir. 2014)(criminal defendant's referral to psychiatric clinic eight years prior to his indictment did not warrant competency evaluation prior to defendant's trial); *United States v. Bumagin,*

114 F. Supp. 3d 52, 56 (E.D.N.Y. 2015)(competency evaluations of defendant written more than two years prior to competency hearing were stale and would not be considered in determining defendant's competency to stand trial); *Thompson v. Johnson*, 7 F. Supp. 2d 848, 861 (S.D. Tex. 1998)(Defendant's Navy records, predating murder trial by 18 years, provided no basis for inferring that defendant was incompetent to stand trial for murder of his wife); C*f. Wilson v. Bryant*, 655 F. App'x. 636, 641 (10th Cir. 2016)(petitioner was not denied effective assistance of counsel due to trial counsel's failure to move for competency examination, where mental illness disclosed on petitioner's plea form was over 20 years old). In any event, "mental illness is not the same as mental incompetence." *Watkins,* 854 F. 3d at 852.

More importantly, petitioner failed to show that his alleged mental illness was the cause of his untimely filing. *Watkins v. Deangelo-Kipp,* 854 F.3d at 853. Petitioner pursued several collateral challenges to his conviction in the state courts as well as federal post-conviction relief while suffering from his alleged mental impairment, thus, he has failed to show a causal connection between his mental impairment and his ability to timely file a habeas petition, so as to justify the equitable tolling of the limitations

period. *Id.*; *See also McSwain v. Davis,* 287 F. App'x. at 457; *Bilbrey v. Douglas,* 124 F. App'x. 971, 973 (6th Cir. 2005).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner is not entitled to tolling of the limitations period, because he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Any actual innocence exception to AEDPA's statute of limitations is particularly inapplicable, in light of the fact that the petitioner

pleaded guilty. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). Petitioner failed to offer "new reliable evidence" that is "so strong that a court cannot have confidence in the outcome" of his guilty plea. *See Connolly v. Howes,* 304 Fed. App'x. 412, 419 (6th Cir. 2008).

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). The Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may

be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 745, 753 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV. <u>ORDER</u>

**IT IS ORDERED that:**

(1) the petition for a writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

(2) The motion for equitable tolling and for an evidentiary hearing is **DENIED.**

(3) A certificate of appealability is **DENIED.**

(4) Petitioner will be **DENIED** leave to appeal *in forma pauperis*.

                    s/George Caram Steeh
                    GEORGE CARAM STEEH
                    UNITED STATES DISTRICT JUDGE

Dated: October 22, 2018

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 22, 2018October 19, 2018, by electronic and/or ordinary mail and also on Amor Dejeane Bass #225642, Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811.

s/Marcia Beauchemin
Deputy Clerk